IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ENBRIDGE PIPELINES (ILLINOIS) L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-3206 |
| | ) | |
| DORA ECK and MARLA JEAN MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

This matter comes before the Court on the motion for reassignment of the case filed by the Plaintiff.

Plaintiff Enbridge Pipelines (Illinois) L.L.C. has moved, pursuant to Local Rule 42.1, for the reassignment of this case to United States District Judge Jeanne E. Scott. In its complaint, the Plaintiff proposes to construct a new pipeline from near Flanigan to Patoka, Illinois. The Plaintiff alleges that the majority of the new pipeline will be installed within an existing pipeline right-of-way which it owns. Judge Scott recently presided over the earliest of these cases concerning the validity of the right-of-way, entering

a judgment on May 16, 2008, declaring the rights of the parties under the pertinent right-of-way grant.  See Kelly v. Enbridge (U.S.) Inc., No. 07-3245.

In support of its motion, the Plaintiff claims that this case is related to several cases currently pending in this Court.  The Plaintiff alleges that it recently filed nine other cases that are almost identical, eight of which are now pending before Judge Scott.  The Plaintiff has moved under Federal Rule of Civil Procedure 42(a) to consolidate those cases which are pending before Judge Scott.

The Defendants' response brief does not directly address the motion for reassignment which is pending in the instant case.  Rather, it serves as a response to the Plaintiff's motion for consolidation.  The Defendants note that although the right-of-way grants which are at issue in these cases are not identical, they are similar in that they are conditioned upon the Plaintiff's performance of a continuing duty to maintain an easement and pipelines.  The issue of whether the Plaintiff has performed its duties involve findings of fact unique to each case.  The Defendants allege it is specific to

2

the conduct of the Plaintiff and its predecessor's upon their land. Local Rule 42.1 provides, in part, "Later-filed related cases may be transferred to the judge assigned to the first-filed suit, regardless of whether the cases are consolidated." Thus, a case may be transferred under the local rule even if it is not consolidated under Federal Rule of Civil Procedure 42(a). The Defendants acknowledge that the right-of-way grants at issue in this case are similar to those in the eight cases now pending before Judge Scott. Moreover, they note that a partial consolidation of these cases for the limited purposes of pre-trial discovery may be appropriate.

Based on the foregoing, the Court concludes that judicial economy would best be served by having these cases assigned to the same judge. That judge can then determine whether consolidation of the cases is appropriate. Accordingly, the Plaintiff's motion for reassignment will be granted.

Ergo, the Plaintiff's motion for reassignment of this case [d/e 13] is ALLOWED.

The Clerk is Directed to transfer this case to Judge Scott.

ENTER: December 2, 2008

FOR THE COURT:

                                          s/Richard Mills
                                          United States District Judge